|  | Note Date: June 19, 2009<br>Principal Amount: $6,000,000.00 |
|---|---|

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned, TRUMAN BANCORP, INC. (the "Borrower") hereby promises to pay to the order of BONHOMME INVESTMENT PARTNERS, LLC (the "Lender") at the above address or at such other place as the Lender may designate in writing, the principal amount set out above, together with interest thereon at the rate set out below. Such payments shall be on the terms set out below.

    1.    **INTEREST** on the unpaid principal balance of this Note shall be payable at maturity and shall accrue at the rate of 7.0% per annum. From and after the maturity of this Note, whether by demand, acceleration or otherwise, interest on this Note shall accrue at 12% per annum.

    2    **PAYMENT** of principal and interest of this Note shall be made as follows:

    (a)    All principal and accrued interest shall be payable without further notice or demand on the earlier of: (i) "Closing" pursuant to the Stock Purchase Agreement dated June 12th, 2009 (the "Purchase Agreement") among Lender, Truman Investment Group, Inc. (the "Buyer"), Richard J. Miller ("Miller") and certain of his affiliates (Miller and such affiliates are herein referred to as the "Sellers"), or (ii) January 31, 2010. Notwithstanding the foregoing to the contrary, (Y) if the Closing pursuant to the Purchase Agreement has not occurred by January 31, 2010, and the failure to close is due to a material breach by the Buyer of its representations, warranties or covenants under the Purchase Agreement, after notice from the Sellers and failure to cure within 30 days thereafter, then the maturity date of this Note shall be extended to January 31, 2011; or (Z) if the Closing pursuant to the Purchase Agreement has not occurred by January 31, 2010, and the failure to close is not due to a material breach by the Buyer or the Sellers of any of their respective representations, warranties, or covenants under the Purchase Agreement, then the maturity date of this Note shall be July 31, 2010.

    (b)    Notwithstanding any other provision of this Note to the contrary, if the Closing pursuant to the Purchase Agreement does not occur due to a material breach by the Buyer of its representations, warranties or covenants under the Purchase Agreement, after notice from the Sellers and failure to cure within 30 days thereafter, then: (i) the principal amount payable to the Lender hereunder shall be reduced by $375,000; and (ii) Lender hereby assigns to Cotton Carrier LLC $375,000 of the principal amount due hereunder and the undersigned shall pay such amount of the principal directly to Cotton Carrier LLC at the time of repayment to the Lender.

    3.    **DEFAULT.** Borrower will be in default under this Note if any Borrower or guarantor or any person who provides security for this Note: (i) fails to make any payment of any amounts hereunder within 30 days after the date due; or (ii) otherwise defaults under, or breaches any representation or warranty contained in, any other provision of this Note, or under any instrument that secures this Note.

4945284.5

EXHIBIT
1
ALL-STATE® INTERNATIONAL

4.  **REMEDIES.**  Upon the occurrence of any default hereunder the Lender shall have the right to accelerate this Note without prior notice or demand, and declare this Note immediately due and payable and to exercise all other rights available at law or under any agreements pursuant to which this Note is made or which secures this Note.  The Borrower will pay all expenses of the Lender in enforcing the Lender's rights and remedies under this Note, including the fees of any attorney retained by the Lender regardless of whether suit is filed.  No delay by Lender in exercising any right or remedy will be a waiver of such right or remedy and will not prevent the Lender from enforcing such right or remedy in the future.

5.  **LATE CHARGES AND EXPENSES.** If any payment is made after the date due, then the Borrower shall also pay, concurrently with the payment of principal and/or interest, a penalty equal to the greater of 5% of the principal and interest payment that is past due or $100, but in no event more than permitted by law.

6.  **APPLICABLE LAWS AND SELECTION OF COURTS.**  This Note will be governed by the internal laws of the state of Missouri without reference to conflict of laws rules.  Any lawsuits arising under this Note will be brought only in the state or federal courts having jurisdiction over St. Louis County, Missouri and the Borrower consents to the sole jurisdiction of such courts.

7.  **COLLATERAL.**  This Note is secured by a Security and Pledge Agreement dated the date hereof.  The rights and remedies of the Lender outlined in this Note and such Security and Pledge Agreement are intended to be cumulative.

8.  **MISCELLANEOUS.**  This Note is binding on the successors, heirs, assigns and representatives of the parties hereto.  If any applicable law prohibits or restricts any right, power or remedy of the Lender in this Note, then such rights, powers and remedies will be limited to those permitted by law, but all other provisions of this Note will remain in effect.  Presentment, demand for payment, notice of nonpayment, protest, notice of protest, notice of dishonor and all other notices in connection with this Note, filing of suit, and diligence in collection, are waived.

TRUMAN BANCORP, INC.

By: *[signature]*
Print Name: ROBERT J. MINKLER
Title: CEO


**CONSENT TO NOTE TERMS**

Lender hereby consents to all of the terms of the foregoing Note.

BONHOMME INVESTMENT PARTNERS, LLC

By: *[signature]*
Print Name: DONALD M. DAVIS
Title: MEMBER

4945284.5