EXECUTION COPY

## SECURITY AND PLEDGE AGREEMENT
(Bonhomme Investment Partners, LLC)

1. **THE SECURITY.** In consideration of any financial accommodation given, to be given or continued to TRUMAN BANCORP, INC. or any other secured party described herein by BONHOMME INVESTMENT PARTNERS, LLC ("Lender"), TRUMAN BANCORP, INC. ("Grantor") hereby assigns and grants to Lender a security interest in the following and in any items described in any schedule attached hereto now owned or hereafter acquired and wherever located, and all cash and non-cash proceeds (including insurance proceeds), substitutes, replacements, accretions, accessions and products of such items, and all cash and other property on deposit with or in the possession of the Lender (the "Collateral"): all shares of stock FFC Financial Corporation or Truman Bank now or hereafter owned by Grantor.

2. **THE INDEBTEDNESS.** The Collateral secures the payment of a promissory note payable by Grantor to Lender dated June 19, 2009 in the original principal amount of $6,000,000, and all expenses of the Lender incurred in enforcing this Agreement including attorney's fees (all of the foregoing are called the "Liabilities").

3. **OTHER SECURITY INTERESTS.** Grantor agrees that Grantor will not grant any other pledges or security interests with respect to the Collateral without Lender's consent.

4. **DEFAULTS.** Any breach of any representation, warranty or agreement hereunder, or any default under the Liabilities shall be a default hereunder. If Grantor is required to do anything under this Security Agreement and fails to do it, the Lender may (but shall not be required to) take the action, and Grantor shall reimburse the Lender for the cost thereof together with interest at the highest post-maturity rate set out in the Liabilities.

5. **REMEDIES.** Upon the occurrence of a default hereunder, the Lender may declare any Liabilities to be immediately due and payable and exercise any rights granted to a secured creditor under the Uniform Commercial Code and other applicable laws. The Collateral may be sold at public auction after having published notice of the time and date of the sale in the St. Louis Business Journal and the St. Louis Post Dispatch at once a week (on a business day) for four consecutive weeks prior to the date of sale, with the final publication being no less than 5 days prior to the date of sale. Any such sale may be held in St. Louis County, Missouri.

6. **NOTICES.** Any notices required or permitted to be given hereunder shall be delivered prepaid by certified mail or by a nationally recognized courier service. Notices shall be addressed to the party as designated after the party's signature. Notices shall be deemed to be received when delivery is tendered to the recipient, regardless of whether such tender is accepted.

8. **MISCELLANEOUS.** Any waiver, express or implied, of any provisions hereunder and any delay or failure by Lender to enforce any provision shall not preclude Lender from enforcing any such provision thereafter. Grantor shall, at the request of Lender, execute such other agreements, documents or instruments in connection with this Security Agreement as Lender may reasonably deem necessary. All Collateral, security agreements, subordination agreements and other documents executed by Grantor or furnished to Lender in connection with this Security Agreement must be in form and substance satisfactory to Lender. This Security Agreement shall be governed by and construed according to the laws of the State of Missouri without regard for conflicts of law rules. Any lawsuits arising under this Security Agreement will be brought only in the state or federal courts having geographic jurisdiction over the home office of the Lender and Grantor consents to the exclusive jurisdiction of such courts. This Security Agreement shall inure to the benefit of, and shall be binding upon, the successors, heirs, assigns and representatives of the parties hereto. Grantor, and each of them if there is more than one, hereby irrevocably appoints the Lender, with full power of substitution, as Grantor's attorney-in-fact and agent to do: (i) all acts and things in connection with exercising the remedies granted to Bank hereunder; (ii) to perform all functions and acts that Grantor is required to perform hereunder upon Grantor's failure to take such action within 10 days after written request made by the Lender; and (iii) to execute documents in the name of Grantor necessary to carry out Grantor's obligations hereunder or to enforce any rights of Bank hereunder.

EXHIBIT 3
ALL-STATE® INTERNATIONAL

THIS SECURITY AGREEMENT is made and dated as of June 19, 2009.

| GRANTOR | LENDER |
|---|---|
| By: *[signature]* <br> Print Name: ROBERT J. MINKLER <br> Title: CEO <br><br> Mailing Address: <br> Mr. Robert Minkler <br> 705 Olive Street <br> St. Louis, MO 63101 <br><br> With a copy to: <br> Michael W. Forster <br> Sandberg Phoenix & von Gontard, P.C. <br> One City Centre <br> St. Louis, MO 62101 | By: *[signature]* <br> Print Name: DONALD M. DAVIS <br> Title: MEMBER <br><br> Mailing Address: 751 CELLA <br> 63124 |

3