S-2                           CONTINGENT CONVERTIBLE DEBENTURE

| | |
|---|---|
| Bonhomme Investments Partners, LLC<br>751 Cella Road<br>St. Louis, MO 63124 | Debenture Date: July 26, 2010<br>Principal Amount: $4,800,000.00 |

NEITHER THIS CONTINGENT CONVERTIBLE DEBENTURE (THE "DEBENTURE") NOR THE SHARES INTO WHICH THIS DEBENTURE IS CONVERTIBLE HAVE BEEN REGISTERED UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR UNDER ANY STATE SECURITIES LAWS, AND NEITHER THIS DEBENTURE NOR SUCH SHARES MAY BE OFFERED, SOLD, TRANSFERRED, ASSIGNED, PLEDGED OR HYPOTHECATED ABSENT REGISTRATION THEREOF UNDER THE ACT OR ANY APPLICABLE STATE SECURITIES LAWS OR AN EXEMPTION FROM REGISTRATION. AS A CONDITION TO TRANSFER, TRUMAN BANCORP, INC. MAY REQUIRE HOLDER TO DELIVER AN OPINION OF COUNSEL, REASONABLY SATISFACTORY TO TRUMAN BANCORP, INC., THAT SUCH REGISTRATION IS NOT REQUIRED.

FOR VALUE RECEIVED, the undersigned, TRUMAN BANCORP, INC. (the "Borrower") hereby promises to pay to the order of BONHOMME INVESTMENT PARTNERS, LLC (the "Lender") at the above address or at such other place as the Lender may designate in writing, the principal amount set out above, together with additional amounts set out below. Such payments shall be on the terms set out below. This Debenture represents $4,800,000 of the $6,000,000 aggregate principal amount of debentures issued to Lender pursuant to that Exchange Agreement, dated as of July 26, 2010 (the "Exchange Agreement"), by and between Borrower and Lender. This Debenture is one of a series of debentures (collectively, the "Replacement Debentures") that, when taken together, represent the entire principal amount of debentures issued to Lender under the Exchange Agreement.

     1.     INTEREST shall not accrue or be payable on the unpaid principal amount, except as follows: from and after 21 days after the maturity of this Debenture, whether by demand, acceleration or otherwise, interest on this Debenture shall accrue at 12% per annum.

     2.     PAYMENT of all principal of this Debenture, and any Accretion Amount (as defined below), shall be made without further notice or demand on July 31, 2016. In additional to principal, Borrower agrees to pay Lender an additional amount equal to the sum of the Accretion Amounts (as defined below). "Accretion Amount" shall mean an amount calculated as of each Anniversary Date (as defined below) equal to $133,333.33, multiplied by a fraction, the numerator of which is the principal amount outstanding under the Debenture as of such Anniversary Date, and the denominator of which is $4,800,000. "Anniversary Date" shall mean each of July 31, 2011, July 31, 2012, July 31, 2013, July 31, 2014, July 31, 2015, and July 31, 2016. No interest shall accrue or be payable on the unpaid Accretion Amounts.

5131282

EXHIBIT
4
ALL-STATE® INTERNATIONAL

3.  **DEFAULT.**  Borrower will be in default under this Debenture if Borrower: (i) fails to make any payment of any amounts hereunder within 30 days after the date due; (ii) otherwise defaults under, or breaches any representation or warranty contained in, any other provision of this Debenture; or (iii) is in default under any of the Replacement Debentures.

4.  **REMEDIES.**  Upon the occurrence of any default hereunder the Lender shall have the right to accelerate the maturity of this Debenture without prior notice or demand, and declare this Debenture immediately due and payable and to exercise all other rights available at law or under any agreements pursuant to which this Debenture is made or which secures this Debenture. The Borrower will pay all expenses of the Lender in enforcing the Lender's rights and remedies under this Debenture, including the fees of any attorney retained by the Lender regardless of whether suit is filed. No delay by Lender in exercising any right or remedy will be a waiver of such right or remedy and will not prevent the Lender from enforcing such right or remedy in the future.

5.  **RIGHT OF FIRST REFUSAL.**  So long as any amounts owed are outstanding under this Debenture, in the event Borrower determines that it is going to incur additional debt (whether secured or unsecured), Borrower shall provide Lender with notice of its intent to incur additional debt and the proposed terms of the debt. Lender shall have a first right to make the underlying loan to Borrower. Lender shall exercise its right of first refusal by providing Borrower with notice of its intent to exercise its right of first refusal within 5 days of Lender's receipt of the initial notice from Borrower. If Lender exercises its right of first refusal, Lender and Borrower shall negotiate in good faith the terms of the loan, which shall be commercially reasonable and consistent with then current market terms for similar loans. If Lender does not exercise its right of first refusal or if, upon exercise of the right of first refusal, the loan has not been made within 30-days after the exercise of the right of first refusal, then Borrower may borrow such amounts from other persons with no further obligation to Lender and this right of first refusal shall terminate. This Section 5 shall not apply to any purchase money indebtedness, lease obligations or borrowings incurred in the Borrower's ordinary course of business.

6.  **CONTINGENT CONVERSION RIGHTS.**

    6.1.  <u>Right to Request Conversion</u>.  At the option of the Lender and subject to the conditions set forth below, the principal amount of this Debenture, or any portion thereof which is $100,000 or an integral multiple thereof, may be converted into fully paid and nonassessable shares of the voting common stock, par value $1.00 per share (the "Voting Common Stock"), and/or the non-voting common stock, par value $1.00 per share (the "Non-voting Common Stock" and collectively with the Voting Common Stock, the "Common Stock"), of the Borrower at the Conversion Price (as defined below) in effect at the time of conversion. "Conversion Price" initially means $1.50, subject to adjustment from time to time as set forth herein. For avoidance of doubt, (a) subject to the conditions hereof, Lender, in its discretion, may designate that the principal may be converted into Voting Common Stock, Non-voting Common Stock or a combination thereof, and (b) no Accretion Amounts shall be subject to conversion. Lender may not exercise a conversion right hereunder more than one time in any 90-day period.

    6.2.  <u>Contingent Conversion Procedures</u>.

        (a)  <u>Conversion Notice</u>.  In order to exercise the contingent conversion right, the Lender shall surrender this Debenture at the principal executive offices of Borrower, accompanied by

5131282

written notice to Borrower, which notice shall be irrevocable except as provided in Section 6.2(c) below, to the effect that the Lender elects to convert this Debenture or, if less than the entire principal amount hereof is to be converted, the portion hereof to be converted (which notice shall specify the name or names (with address or addresses) in which a certificate or certificates evidencing the shares of Common Stock to be issued upon such conversion are to be issued), and whether the Borrower desires the Debenture (or portion thereof) to be converted into shares of Voting Common Stock, Non-Voting Common Stock, or a combination thereof (indicating the relative proportions) (the "Conversion Notice").

(b)     Regulatory Approvals. Upon receipt of the Conversion Notice, Borrower shall take commercially reasonable actions to seek all necessary approvals, consents and authorizations required by law or regulation for the conversion of the Debenture and issuance of the Common Stock pursuant to the Conversion Notice, including, without limitation, all regulatory approvals from the Board of Governors of the Federal Reserve System, the Missouri Division of Finance, and any other regulatory body with jurisdiction over the Borrower or Lender (collectively, the "Regulatory Approvals"). No Common Stock shall be issued by Borrower to Lender pursuant to this Debenture until all necessary Regulatory Approvals have been obtained and all waiting periods required by law shall have expired, and all required notices to any regulatory body necessary in connection with the transactions contemplated hereby shall have been duly submitted. Lender shall cooperate with Borrower in obtaining the Regulatory Approvals.

(c)     Revocation or Cancellation of Conversion Notice. Lender may revoke its Conversion Notice by written notice to Borrower if (1) Regulatory Approvals have not been received within 90 days of the delivery of the Conversion Notice, or (2) any Regulatory Approval contains terms and conditions which materially and adversely affect or burden Lender or Borrower. Borrower may cancel the Conversion Notice by written notice to Lender, and will not be obligated to issue any Common Stock pursuant thereto (or any portion thereof), if any Regulatory Approval is withheld or contains terms and conditions which materially and adversely affect or burden Borrower. Upon the revocation or cancellation of the Conversion Notice, Borrower shall return the Debenture to Lender.

(d)     Issuance of Common Stock. If the Borrower obtains the Regulatory Approvals and the Conversion Notice has not been revoked or cancelled, subject to Section 6.4, Borrower shall, as soon as practicable after obtaining all Regulatory Approvals, the expiration of any applicable waiting periods, and filing all required notices, deliver at such places and to the person or persons specified in the Conversion Notice, a certificate or certificates evidencing the number of full shares of Common Stock to which such person or persons shall be entitled as aforesaid, together with a cash adjustment in respect of any fraction of a share of Common Stock as hereinafter provided. Such conversion shall be deemed to have been made as of the date of issuance, and the person or persons entitled to receive the Common Stock deliverable upon conversion of this Debenture shall be treated for all purposes as the record holder or holders of such Common Stock on such date.

(e)     Full Conversions. If this Debenture is converted in its entirety, upon such conversion the Debenture shall be cancelled and Borrower shall pay to Lender an amount equal to the sum of all Accretion Amounts accrued as of that date.

(f)     Partial Conversions. If this Debenture is to be converted in part only, upon such conversion Borrower shall execute and deliver to the Lender, at the expense of Borrower, a new Debenture or Debentures of like tenor with an aggregate principal amount equal to the unconverted

5131282

portion of the principal amount of this Debenture.

   6.3. **No Fractional Shares.** No fractional shares of Common Stock shall be issued upon conversion of this Debenture. Instead of any fractional share of Common Stock that would otherwise be issuable to the Lender upon conversion of this Debenture (or any specified portion hereof), Borrower shall pay a cash adjustment in respect of such fractional share in an amount equal to the same fraction of the Borrower's per share net book value as of the end of the month immediately preceding the day of conversion.

   6.4. **Authorized Shares, Etc.** As of March 31, 2010, Borrower has 3,000,000 shares of Voting Common Stock authorized and 1,390,200 shares of Voting Common Stock issued and outstanding, and has 21,000,000 shares of Non-voting Common Stock authorized and 0 shares of Non-voting Common Stock issued and outstanding. Borrower will use commercially reasonable efforts to keep a sufficient number of authorized but unissued shares of Common Stock available for issuance upon conversion of the Debenture, assuming the applicability of the guidelines set forth in Section 6.5(c) below. If Borrower receives a Conversion Notice and there is not a sufficient number of shares of Common Stock authorized to be issued upon conversion of the Debenture pursuant to the terms of the Conversion Notice, Borrower will promptly take all commercially reasonable efforts to authorize a sufficient number of shares of Common Stock to permit Borrower to convert the Debenture pursuant to the terms of the Conversion Notice, including, without limitation, calling and holding a special meeting of Borrower's shareholders and recommending that the shareholders approve the authorization of a sufficient number of shares of Common Stock to permit the Borrower to convert the Debenture pursuant to the terms of the Conversion Notice.

   6.5. **Stock Restrictions/Lender Representations.**

   (a) Lender acknowledges that the Debenture and the Common Stock into which the Debenture may be convertible (the "Underlying Stock") have not been registered under any federal or state securities law and, therefore, may not be sold or otherwise disposed of in the absence of such registration or the availability of an exemption from the registration requirements of all such applicable laws. Lender acknowledges that the Debenture and the Underlying Stock will be subject to transfer restrictions, and that the Debenture and certificates evidencing the shares of Common Stock will bear legends to that effect.

   (b) Lender is acquiring the Debenture and any Underlying Stock for investment for its own account and not with a view toward or any present intention to make any distribution or other disposition. In addition thereto, Lender understands that there is no available market for the Debenture or the Common Stock and that it may not be able to sell or otherwise dispose of such securities at any particular time, and that Lender's equity owners are high net worth individuals that are financially able to hold the securities indefinitely.

   (c) Lender and Borrower acknowledge certain investments in bank holding companies would cause an investor to become subject to supervision, regulation and the other requirements applicable to bank holding companies under the Bank Holding Company Act and Regulation Y. As such, Lender acknowledges that Lender or its owners are restricted from owning more than 9.9% of the outstanding Voting Common Stock of Borrower. Lender further acknowledges that Lender or its owners are restricted from owning nonvoting equity investments that exceed 24.9% of the total equity of Borrower. Lender further acknowledges that Lender or its owners are restricted

5131282

from owning a combination of voting shares and nonvoting shares that, when aggregated, exceed 33.0% of the total equity of Borrower. Lender further acknowledges that a regulatory authority with jurisdiction over the Borrower or Truman Bank may impose stricter requirements in its discretion. If Lender has converted all or part of the Debenture to Non-voting Common Stock as a result of any such restrictions on Voting Common Stock ownership, and is subsequently permitted to own additional shares of Voting Common Stock, upon request by Lender, Borrower shall convert that number of shares of Non-voting Common Stock to Voting Common Stock, on a one-for-one basis, as is requested by Lender and is permitted under the Regulatory Approval and other regulatory authority with jurisdiction of the Borrower or Truman Bank. If Borrower does not have sufficient number of shares of authorized but unissued Voting Common Stock available for conversion of the Non-voting Common Stock, Borrower shall take those steps set forth in Section 6.4 to authorize a sufficient number of shares of Voting Common Stock to permit Borrower to convert the Non-voting Common Stock to Voting Common Stock. Lender may not exercise a conversion right hereunder more than one time in any 90-day period.

(d) If, at any time, Lender is no longer the holder of this Debenture, Borrower may require the holder to reaffirm these investment representations prior to and as a condition of issuing any Common Stock to the holder pursuant hereto.

### 6.6. Adjustment of Conversion Price.

(a) In case Borrower shall pay or make a dividend or other distribution on any Common Stock of Borrower payable in Common Stock, the Conversion Price in effect at the opening of business on the day following the date fixed for the determination of stockholders entitled to receive such dividend or other distribution shall be reduced by multiplying such Conversion Price by a fraction the numerator of which shall be the number of shares of Common Stock outstanding at the close of business on the date fixed for such determination and the denominator of which shall be the sum of such number of shares and the total number of shares constituting such dividend or other distribution, such reduction to become effective immediately after the opening of business on the day following the date fixed for such determination. (For the purposes of determining adjustments to the Conversion Price as set forth herein, shares of Common Stock held in the treasury of Borrower, and distributions or issuances in respect thereof, shall be disregarded.)

(b) In case outstanding shares of Common Stock shall be subdivided into a greater number of shares of Common Stock, the Conversion Price in effect at the opening of business on the day following the day upon which such subdivision becomes effective shall be proportionately reduced, and conversely, in case outstanding shares of Common Stock shall each be combined into a smaller number of shares of Common Stock, the Conversion Price in effect at the opening of business on the day following the day upon which such combination becomes effective shall be proportionately increased, such reduction or increase, as the case may be, to become effective immediately after the opening of business on the day following the day upon which such subdivision or combination becomes effective.

(c) Borrower may not engage in any transaction if, as a result thereof, the Conversion Price would be reduced to below the par value per share of the Common Stock.

### 6.7. Consolidations, Mergers or Sales of Assets.

Subject to any required Regulatory Approvals, in the event of any consolidation of Borrower with, or merger of Borrower into,

5131282

any other entity, any merger of another entity into Borrower (other than a merger which does not result in any reclassification, conversion, exchange or cancellation of outstanding shares of the Common Stock) or any sale or transfer of all or substantially all of the assets of Borrower (collectively, a "Sale Transaction"), the entity formed by such consolidation or resulting from such merger or which acquires such assets, as the case may be, shall enter into a written agreement with the Lender, in form and substance reasonably acceptable to the Lender, providing that the Lender shall have the right thereafter to convert this Debenture (or portion of the principal amount hereof) only into the kind and amount of securities, cash and other property receivable upon such consolidation, merger, sale or transfer by a holder of the number of shares of Common Stock into which this Debenture (or portion thereof) might have been converted immediately prior to such consolidation, merger, sale or transfer, assuming the Lender is not an entity with which Borrower consolidated or into which Borrower merged or which merged into Borrower or to which such sale or transfer was made, as the case may be, or an affiliate of a such an entity. In the event of any Sale Transaction, the Borrower shall provide the Lender notice at least 10 days prior to mailing any notice calling a special shareholders' meeting to approve the Sale Transaction. Within 5 days after receiving such notice, Lender may provide Borrower with a Conversion Notice indicating Lender's intent to convert the Debenture, or any portion thereof which is $100,000 or an integral multiple thereof, prior to the consummation of the Sale Transaction. If there is not a sufficient number of authorized but unissued shares of Common Stock available for issuance upon conversion of the Debenture, subject to any required Regulatory Approvals and Section 6.5(c), Borrower will promptly take all commercially reasonable efforts to authorize a sufficient number of shares of Common Stock to permit Borrower to convert the Debenture, including, without limitation, including the share authorization as an agenda item at the special meeting of Borrower's shareholders approving the Sale Transaction and recommending that the shareholders approve the authorization of a sufficient number of shares of Common Stock to permit the Borrower to convert the Debenture. The provisions of this Section 6.7 shall similarly apply to successive Sale Transactions. If the conversion rights of the Lender of this Debenture shall be adjusted pursuant to this Section 6.7, then Borrower (or its survivor) shall cause to be given to the Lender and any other holders of outstanding Debentures, within three days after consummation of the Sale Transaction triggering such adjustment, a notice describing such adjustment in appropriate detail.

   **6.8.**  **Taxes.** Borrower shall pay any and all stock transfer, documentary stamp and other taxes that may be payable in respect of any issuance or delivery of shares of Common Stock or other securities issued or delivered on conversion of this Debenture. Borrower shall not, however, be required to pay any such tax which may be payable in respect of any transfer involved in the issuance or delivery of shares of Common Stock or other securities in a name other than to the Lender, and shall not be required to make any such issuance or delivery unless and until the person otherwise entitled to such issuance or delivery has paid to Borrower the amount of any such tax or has established, to the satisfaction of Borrower, that such tax has been paid or is not payable.

   **7.**  **APPLICABLE LAWS AND SELECTION OF COURTS.** This Debenture will be governed by the internal laws of the state of Missouri without reference to conflict of laws rules. Any lawsuits arising under this Debenture will be brought only in the state or federal courts having jurisdiction over St. Louis County, Missouri and the Borrower consents to the sole jurisdiction of such courts.

   **8.**  **MISCELLANEOUS.** This Debenture is binding on the successors, heirs, assigns and

5131282

representatives of the parties hereto. If any applicable law prohibits or restricts any right, power or remedy of the Lender in this Debenture, then such rights, powers and remedies will be limited to those permitted by law, but all other provisions of this Debenture will remain in effect. Presentment, demand for payment, notice of nonpayment, protest, notice of protest, notice of dishonor and all other notices in connection with this Debenture, filing of suit, and diligence in collection, are waived.

\* \* \*

[Remainder of page intentionally left blank]

5131282

TRUMAN BANCORP, INC.

By: _/s/ Thomas Dolson_
Print Name: Thomas Dolson
Title: President

## LENDER ACKNOWLEDGEMENT

Lender hereby acknowledges and agrees to all of the terms of the foregoing Contingent Convertible Debenture.

BONHOMME INVESTMENT PARTNERS, LLC

By: _/s/ Don Davis_
Print Name: DON DAVIS
Title: PARTNER