

**UNITED STATES DISTRICT COURT**
Eastern District of Missouri
Docket number 4:13-CV-00475-CDP

**Bonhomme Investment Partners LLC**

Plaintiff,
vs.

AFFIDAVIT OF SERVICE

**Shaun Hayes,**

Defendant,
_____/

I, Lawrence G. Roth affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 06/12/2014 at 10:09 AM, I served copies of the SUBPOENA FOR DEPOSITION Personally upon **US Bank National Association** as articulated below.

By delivering a copy to **Kim Korte** personally; thereof, an authorized person to accept service of process.

Said service was effected at: **10 North Hanley Road, Saint Louis, MO63105.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Brown & Blonde** Height: **Medium** Weight: **Medium** Place: **POE**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Lawrence G. Roth

The foregoing affidavit sworn and subscribed before me today, June 13, 2014

| Bridget Desimone | Jaclyn S. Baker | Corey Stage |

JobNo. 229418

*Fee For Service: $40.00*

```
COREY STAGE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: July 19, 2016
Commission # 12369699
```

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| Bonhomme Investment Partners, LLC., et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:13-CV-00475 |
| Shaun Hayes, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     U.S. Bank National Association (Custodian of Records)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: The Law Offices of Terry Pabst, P.C.<br>225 S. Meramec Ave., Suite 411<br>Clayton, MO  63105 | Date and Time:<br>06/20/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:     Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/10/2014

*CLERK OF COURT*

                                        OR

_____          Terry L. Pabst  /s/
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*  # 37187MO

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____, who issues or requests this subpoena, are:
Terry L. Pabst; The Law Offices of Terry Pabst, P.C.; 225 S. Meramec Ave., Suite 411, Clayton, MO  63105; tpabst@webpabstlaw.com; (314) 812-8780

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:13-CV-00475

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____   _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

## Documents to Be Produced

A. September 17, 2003 Truman Statutory Trust I—Issuance of Trust Preferred Securities

    1. All closing documents regarding the issuance of the Trust Preferred Securities

    2. Amended and Restated Declaration of Trust dated as of September 17, 2003

    3. Indenture dated as of September 17, 2003

    4. Guarantee Agreement dated as of September 17, 2003

    5. Placement Agreement dated as of September 9, 2003

B. Truman Statutory Trust II—Issuance of Trust Preferred Securities

    All closing documents regarding the issuance of the Trust Preferred Securities

C. September 27, 2007 Truman Statutory Trust III—Issuance of Trust Preferred Securities

    1. All closing documents regarding the issuance of the Trust Preferred Securities

    2. Initial Declaration of Trust

    3. Certificate of Trust

    4. Certificate of Good Standing of Trust

    5. Placement Agreement (Form of Tax & Corporate Opinions attached)

    6. Common Securities Subscription Agreement

    7. Debenture Subscription Agreement

    8. Capital Securities Purchase Agreement

    9. Indenture (Debenture attached)

    10. Amended and Restated Declaration of trust

    11. Guarantee Agreement

    12. Flow of Funds

13. Fee Agreement

14. Opinion of Counsel for the Company

15. Opinion of Special Tax Counsel to Company

16. Opinion of Counsel to the Trustee

17. Opinion of Special Counsel to the Trust

18. Officers' Certificate and Authentication Order of the Company

19. Officers' and Administrator's Certificate pursuant to the Placement Agreement

20. Certificate of the Company's CFO as to the Company's total assets, Tier 1 risk-based Capital and ability to incur debt

21. Certificate of the Secretary of the Company

    A. Bylaws

    B. Board Resolutions

    C. Articles of Incorporation

    D. Certificates

22. Administrators' Certificate and Authentication Order of the Trust

23. Company Officer's Certificate of Approval

24. Administrators' Certificate of Approval

25. Certificate of Delegation

26. Certificate of Trustee and Good Standing

27. Incumbency Certificate for the Officers of the Company

28. Incumbency Certificate for the Administrators of the Trust

29. Junior Subordinated Debt Security

30. Trust Preferred Security Certificate

31. Common Security Certificate

32. Cross-Receipt between the Company and the Trust for the Common Securities and the payment therefor

33. Cross-Receipt between the Company and the Trustee on behalf of the Trust for the Junior Subordinated Debt Securities and the payment therefor

34. Cross-Receipt between the Company and the Placement Agent regarding the Placement Agent's commission

35. Cross-Receipt between the Trust and the purchaser of the Capital Securities for the Capital Securities and the payment therefor

36. Tax Opinion Backup Certificate

## Service List/Certificate of Service

## U.S. Bank National Association Document Production Subpoena

The undersigned hereby certifies that the foregoing document was served via first class mail, postage fully prepaid, on June 10, 2014, to the following counsel of record:

William Darmstaedter, II, Esq.
The Darmstaedter Law Firm
303 N. Broadway
St. Louis, MO  63102

Counsel for Shaun Hayes


Sarah Anne Milunski, Esq.
Lewis Rice
600 Washington Ave., Suite 2500
St. Louis, MO  63101

Counsel for Estate of Richard Miller


John G. Young, Esq.
Stinson & Leonard, LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO  63105

Counsel for FDIC

1