UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BONHOMME INVESTMENT | ) |  |
|---|---|---|
| PARTNERS, LLC, et al., | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13CV475 CDP |
|  | ) |  |
| SHAUN HAYES, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

Plaintiffs are investors who bring claims of securities and other fraud against a failed bank and its officers and directors arising out of a complicated investment transaction in which plaintiffs ultimately lost more than six million dollars. The undisputed evidence before the Court shows defendant Sherwyn Wayne – a director of the failed bank as well as its parent holding company – not to have possessed the scienter required to be liable to plaintiffs for securities fraud. Wayne's motion for summary judgment will be granted.

## Background

Plaintiffs are Bonhomme Investment Partners, LLC, and its two members, Donald Davis and Richard Lehman. Defendant Federal Deposit Insurance Corporation (FDIC) is a federal agency acting as Receiver for Truman Bank, a

failed Missouri bank that went into receivership in September 2012.[1] Defendant Truman Bancorp, Inc. ("Bancorp"), was the parent holding company of Truman Bank.[2] Defendant Shaun Hayes, who is one of the two people alleged to have made numerous false representations, was a shareholder of Bancorp and a consultant to Truman Bank. Richard Miller, who was Chief Executive Officer and a director of both entities, as well as a shareholder of Bancorp, was the other person alleged to have directly made false statements. He is now deceased. Defendant Wayne was a director at both Truman Bank and Bancorp.

Plaintiffs allege that in early 2009, Miller and Hayes approached plaintiffs and sought a $6 million loan from Bonhomme to Bancorp for Truman Bank's benefit (the "Truman Loan"). Bancorp secured the Truman Loan by pledging to Bonhomme all its Truman Bank stock (the "Truman Stock") and its stock in FFC Financial Corporation (collectively, "the Bancorp collateral"). On June 19, 2009, Bonhomme made the loan and Bancorp executed a promissory note (the "Bancorp Note") and security agreements. Hayes represented to plaintiffs that Sun Security Bank ("Sun") would lend Bonhomme the $6 million needed to fund the Truman Loan and that Sun would accept the Bancorp collateral as collateral for the Sun Loan.[3] Hayes was an officer, director, and the principal shareholder of Sun.

---

[1] FDIC-R was dismissed from this case on October 26, 2015.
[2] Default judgment was entered against Bancorp on July 21, 2014.
[3] Davis and Lehman also made personal guarantees or pledged personal assets to Sun as additional security.

Unknown to plaintiffs, at the time of the Truman Loan and Sun Loan, Bancorp had already pledged the stock comprising the Bancorp collateral to secure a securities placement in 2003 for over $7 million and a securities placement in 2007 for $5 million. Plaintiffs allege that the defendants, including Wayne, knew or should have known at that time that Bancorp could not pledge the Bancorp collateral and failed to disclose those facts.

In early 2010, Hayes and Miller falsely told plaintiffs that the FDIC and Federal Reserve Bank had informed them that the Truman Stock could not be pledged because Bonhomme could not legally own that stock in event of default by Bancorp. Plaintiffs claim that Wayne and the other defendants again failed at this time to disclose that the reason the Truman Stock could not be pledged was that it had already been encumbered. The plaintiffs obtained permission from Sun, arranged by Hayes, to substitute Bancorp convertible debentures for the Bancorp Note. Truman Bank eventually went into receivership, and the FDIC notified Bonhomme that its claim against Truman Bank was disallowed.

Plaintiffs filed this cause of action in March 2013 and named Bancorp, the FDIC, Simmons First National Bank (Truman's successor bank), Hayes, and Miller (through the personal representative of his estate) as defendants in the cause. Simmons was dismissed from this action in May 2013, and default judgment was entered against Bancorp in July 2014. In a Second Amended Complaint filed in

November 2014, plaintiffs named eight additional directors of Truman Bank and Bancorp as defendants, including defendant Wayne. Of those eight added defendants, only Wayne and Kenneth Kraus remain.[4]

A reading of the Second Amended Complaint shows plaintiffs to bring the following claims: Count I, against all defendants for federal securities fraud under the Securities Exchange Act and Rule 10b-5 implementing that Act; Count II, against all defendants for securities fraud under Missouri law; Count III against Bancorp for breach of implied covenant of good faith and fair dealing; Count IV, against all defendants for common law fraud; Count V against all defendants for negligent misrepresentation; and Count VI, against Bancorp and the FDIC (as receiver for Truman Bank) for unjust enrichment. Defendant Wayne previously moved to dismiss all counts of the Second Amended Complaint that were – or construed to be – brought against him. I granted the motion on all counts except for Count I. [ECF #182] Wayne now seeks summary judgment on that remaining claim.

## Discussion

### *Legal Standards*

In determining whether a party is entitled to summary judgment, the Court must view the facts and inferences from the facts in the light most favorable to the

---

[4] As such, plaintiffs currently have live claims against only Hayes, Miller, Wayne, and Kraus.

nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that genuine issue of material fact exists. Fed. R. Civ. P. 56(c). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

As an initial matter, I note that plaintiffs did not respond to Wayne's Motion for Summary Judgment, which was filed on June 1, 2015. Under Local Rule 4.01(E), "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." As a result of plaintiffs' failure to respond, they are deemed to have admitted the matters set forth in Wayne's Statement of Uncontroverted Facts. *See Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. L.R. 4.01(E) where no

timely response was filed); *Ridpath v. Pederson,* 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D. Mo. L.R. 4.01(E)).[5]

### *Undisputed Facts*

The following facts are deemed admitted for purposes of this summary judgment motion:

Wayne had no role in connection with the negotiation and execution of the Truman Loan and the Sun Loan. Nor did he participate in any meetings or discussions with Davis or Lehman concerning any of the allegations in the Second Amended Complaint.

Wayne has no knowledge whether Bancorp was or was not able to pledge the Truman Stock or the FCC Stock as collateral for the Truman Loan because the stock had already been encumbered to secure other Bancorp obligations. Wayne does not recall any discussions at meetings of Truman Bank's board of directors relating to whether Bancorp was or was not able to pledge the Truman Stock or the FCC stock as collateral for the Truman Loan because the stock had already been encumbered to secure other Bancorp obligations.

Wayne relied on officers, other professionals, and in-house and outside counsel of Truman Bank and/or Truman Bancorp to ensure that the Truman Loan

---

[5] Wayne filed a separate motion asking that I deem his Statement of Material Facts admitted

and the Sun Loan were valid and enforceable. None of these professionals ever brought to Wayne's attention a concern about the legality of either the Truman Loan or the Sun Loan.

*Analysis*

In Count I of their Second Amended Complaint, plaintiffs allege that the defendants' conduct in relation to the sale of the debentures to Bonhomme constituted federal securities fraud under 15 U.S.C. §§ 78, *et seq.*, and 20 C.F.R. § 240.10b-5 ("Rule 10b-5"). Specifically, plaintiffs allege that the defendants made misleading and false statements of fact and omitted to state facts necessary to make the statements not false and/or misleading; and either participated in the making of the misrepresentations or failed in their duty to disclose facts. Other than pleading that defendant Wayne was a director of Bancorp and Truman Bank, plaintiffs plead only that Wayne knew or should have known that Bancorp could not pledge the Bancorp collateral as security, and twice failed to inform plaintiffs of this inability.

To prevail against Wayne on their claim of federal securities fraud under 15 U.S.C. § 78 and Rule 10b-5, plaintiffs must show "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation."

---

under Local Rule 4.01(E). [ECF #193] That motion will be granted.

*Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011) (internal quotation marks and citation omitted); *Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1028 (8th Cir. 2011) (internal quotation marks and citation omitted). Wayne argues that the undisputed facts show him to lack the requisite scienter for a securities fraud claim. I agree.

Scienter "can be established in three ways: (1) from facts demonstrating a mental state embracing an intent to deceive, manipulate, or defraud; (2) from conduct which rises to the level of severe recklessness; or (3) from allegations of motive and opportunity." *Detroit Gen. Ret. Sys. v. Medtronic*, Inc., 621 F.3d 800, 808 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). While issues of scienter are generally decided by a jury, they can be resolved on summary judgment if there is no genuine issue of material fact. *In re Acceptance Ins. Cos. Sec. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005).

As noted above, plaintiffs' Second Amended Complaint alleges only that Wayne was a director of Bancorp and Truman Bank and knew or should have known that Bancorp could not pledge the Bancorp collateral as security but failed to inform plaintiffs of this inability. Plaintiffs allege no facts in their complaint demonstrating how or why Wayne "knew or should have known" that Bancorp collateral could not be pledged as security. Plaintiffs make no claim of motive and

opportunity nor do they allege facts demonstrating that Wayne's mental state embraced an intent to deceive, manipulate, or defraud. To the extent the complaint's bare bones plead a sufficient inference of recklessness to withstand a motion to dismiss (*see* ECF #182, Memo. & Order at p. 10-11), the undisputed evidence now before the Court on summary judgment shows Wayne not to have engaged in recklessness that would establish scienter.

> Recklessness is
>
> limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.

*Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 654 (8th Cir. 2001) (quoting *Camp v. Dema*, 948 F.2d 455, 461 (8th Cir. 1991)). Recklessness may also be shown "where alleged facts demonstrate that the defendants failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 828 (8th Cir. 2003).

Plaintiffs allege that the collateral at issue here had previously been pledged in other, unrelated transactions totaling over $12 million, thus rendering it unavailable to be pledged as collateral for the Truman Loan. Wayne has presented undisputed evidence that he was not aware that the collateral could not be pledged

to secure the Truman Loan because of previous encumbrances.  Further, he was not a part of any negotiation, meeting, or discussion with plaintiffs concerning the collateral or loans at issue.  Plaintiffs have submitted nothing demonstrating that the alleged misrepresentations made by Hayes and Miller presented a danger of misleading plaintiffs "so obvious that [Wayne] must have been aware of it" merely because of his role as a director of the bank and nothing more.  "It is insufficient to show that a defendant *should have known* that a material statement or omission was false or misleading.  'That is a viable claim of negligence, but not of fraud.'" *SEC v. Shanahan*, 646 F.3d 536, 544 (8th Cir. 2011) (quoting *In re Ceridian Corp. Secs. Litig.*, 542 F.3d 240, 249 (8th Cir. 2008)) (emphasis in *Shanahan*).

Nor have plaintiffs presented any evidence that Wayne's duty as a director included reviewing or checking information regarding the details of the Truman and/or Sun Loans or the viability of Bancorp collateral in relation to the loans.  Indeed, in his uncontested declaration, Wayne states that, as director of Truman Bank, he served for short periods of time on only the compensation committee and Y2K committee and did not serve on any other of Truman Bank's committees, including its loan committee and audit committee.[6]

Finally, Wayne's reliance on other professionals to ensure the validity and enforceability of the loans without further personal examination was reasonable.

---

[6] ECF #186-1, Wayne Decl. at paras. 4, 5.

*See Shanahan*, 646 F.3d at 544. It is undisputed that none of these professionals ever brought to Wayne's attention a concern about the legality of either the Truman Loan or the Sun Loan, and Wayne does not recall any discussions about the validity of these loans at any directors' meetings. "Depending on others to ensure the accuracy of disclosures to purchasers and sellers of securities – even if inexcusably negligent – is not severely reckless conduct that is the functional equivalent of intentional securities fraud." *Id.* (citing *SEC v. Pasternak*, 561 F. Supp. 2d 459, 513-14 (D.N.J. 2008)).

Given Wayne's lack of involvement in the conversations or negotiations with plaintiffs regarding the transactions at issue, his reliance on other professionals regarding the validity of the transactions with no concerns brought to his attention regarding their legality, and the lack of discussion at directors' meetings regarding the availability of stock to pledge as collateral for the loans, there is no evidence that there were obvious signs of fraud relating to these transactions that Wayne chose to ignore.

In light of the unrefuted evidence, plaintiffs have not, and cannot, show that Wayne's conduct was so unreasonable and constituted an extreme departure from the standards of ordinary care such that scienter is demonstrated by severe recklessness. *Cf. In re Metris Cos., Inc. Sec. Litig.*, 428 F. Supp. 2d 1004, 1013 (D. Minn. 2006) (plaintiffs' proffered broad statements were neither definite nor

revealing enough to suggest recklessness). Plaintiffs' complete failure of proof concerning Wayne's scienter, an essential element of securities fraud, entitles Wayne to summary judgment on Count I of plaintiff's Second Amended Complaint. All other claims against him have been dismissed previously, so no claims remain against this defendant.

Therefore,

**IT IS HEREBY ORDERED** that defendant Sherwyn Wayne's Motion to Have Facts Contained in His Motion for Summary Judgment Deemed Admitted [ECF #193] is GRANTED.

**IT IS FURTHER ORDERED** that defendant Sherwyn Wayne's Motion for Summary Judgment [ECF #185] is GRANTED. Sherwyn Wayne is entitled to summary judgment against plaintiffs on Count I of their Second Amended Complaint.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2015.